# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| APRIL PFANNENSTIEL, | ) |
| | ) |
| Plaintiff, | ) CIVIL ACTION |
| | ) CASE NO. 2:19-CV-02096 |
| | ) |
| v. | ) |
| | ) |
| MARS WRIGLEY CONFECTIONERY, | ) |
| | ) |
| Defendant. | ) |

## DEFENDANT'S PROPOSED JURY INSTRUCTIONS

Defendant Mars Wrigley Confectionery respectfully submits its Proposed Jury Instructions.

Date: May 17, 2021

Respectfully Submitted,

/s/ *J. Phillip Gragson*
J. Phillip Gragson, #16103
Henson, Hutton, Mudrick, Gragson & Vogelsberg LLP
3649 SW Burlingame Road, Ste. 200
Topeka, KS 66111-2155
Telephone: (785) 232-2200 x 223
Facsimile: (785) 232-3344
Email: jpgragson@hensonlawoffice.com

Thomas R. Davies, Esq., Pro Hac Vice
Laura Bailey Gallagher, Esq., Pro Hac Vice
Harmon & Davies, P.C.
2306 Columbia Ave.
Lancaster, PA 17603
Telephone: (717) 291-2236
Facsimile: (717) 291-5739
tdavies@h-dlaw.com
lgallagher@h-dlaw.com

*Counsel for Defendant*
*Mars Wrigley Confectionery*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 17, 2021, a true and correct copy of the foregoing Defendant's Proposed Jury Instructions was filed and submitted by email to:

>M. Katherine Paulus
>m.paulus@cornerstonefirm.com
>Joshua P. Wunderlich
>j.wunderlich@cornerstonefirm.com
>Cornerstone Law Firm
>5821 NW 72nd St.
>Kansas City, Missouri 64151
>*Attorneys for Plaintiff*

>/s/ J. Phillip Gragson, #16103
>J. Phillip Gragson, #16103

Defendant's Proposed Jury Instruction No. 1

INSTRUCTION NO. [ ]: CORPORATIONS

Defendant, Mars Wrigley Confectionery, is a corporation and can act only through its officers and employees. Therefore, whenever mention is made of Defendant doing or not doing something, it means officers or employees of Mars Wrigley Confectionery.

You must consider and decide this case as an action between persons of equal standing in the community. Defendant is entitled to the same fair trial as an individual.

Source of Instruction:  J. Robinson's Standard Jury Instructions (with the exception of the first paragraph); *Palmerin v. Johnson County, Kansas Board of County Commissioners*, No. 09-2579-CM (June 24, 2011, D. Kan.).

Explanation for Defendant's disagreement with Plaintiff's Proposed Jury Instruction:  Provides insufficient guidance to jury and does not reflect law of this Court.

Defendant's Proposed Jury Instruction No. 2

INSTRUCTION NO. [ ]: LIABILITY OF CORPORATIONS—SCOPE OF AUTHORITY NOT IN ISSUE

Under the law, a corporation is considered to be a person. It can only act through its employees, agents, directors, or officers. Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

Source of Instruction:  *Palmerin v. Johnson County, Kansas Board of County Commissioners*, No. 09-2579-CM (June 24, 2011, D. Kan.).

Explanation for Defendant's disagreement with Plaintiff's Proposed Jury Instruction:  Provides insufficient guidance to jury and does not reflect law of this Court.

Defendant's Proposed Jury Instruction No. 3

### INSTRUCTION NO. [ ]: BUSINESS JUDGMENT

The law requires only that an employer not retaliate against an employee for engaging in protected activity. The law does not require an employer to use good judgment, to make correct decisions, or even to treat its employees fairly.  It is not your function to second-guess Defendant's business decisions or act as a personnel manager.  Even if an employer is mistaken and its business judgment is wrong, an employer is entitled to make its own policy and business judgment.  An employer may make those employment decisions as it sees fit, as long as it is not unlawful.

In determining whether Defendant's stated reason for its actions was a pretext for retaliation, you may not question Defendant's business judgment.  A mistaken belief can be a legitimate reason for an employment decision and is not necessarily pretextual.  Pretext is not established just because you disagree with the business judgment of Defendant, unless you find that Defendant's reason was a pretext for retaliation.

Source of Instruction: O'Malley, Grenig & Lee, Fed. Jury Prac. & Instructions, § 171.75 (6th Ed. 2011 with the exception of the fourth sentence); see *Bullington v. United Airlines, Inc.*, 186 F.3d 1301, 1318 (10th Cir. 1999); *Sanchez v. Phillip Morris, Inc.*, 992 F.3d 244, 247-48 (10th Cir. 1993).  Fourth sentence, beginning "A mistaken belief..." inserted from *EEOC v. Flasher,* 986 F.2d 1312, n. 12 (10th Cir. 1992).

Explanation for Defendant's disagreement with Plaintiff's Proposed Jury Instruction: Provides insufficient guidance to jury and does not reflect law of 10th Circuit.

Defendant's Proposed Jury Instruction No. 4

INSTRUCTION NO. [ ]: NEUTRAL STATEMENT

This is an action by plaintiff, April Pfannenstiel, a female resident of Topeka, Kansas, who was employed by Defendant, Mars Wrigley Confectionery, as a Wrapper Operator. Plaintiff claims she was subject to retaliation upon reporting harassing conduct in the workplace.

Mars Wrigley Confectionery denies that Plaintiff was subject to retaliation, and further contends that Plaintiff was terminated for reasons unrelated to reporting any alleged harassment.

Source of Instruction: Not applicable.

Explanation for Defendant's disagreement with Plaintiff's Proposed Jury Instruction: Provides insufficient guidance to jury.

Defendant's Proposed Jury Instruction No. 5

INSTRUCTION NO. [ ]: UNEXPLAINED DIFFERENCES NOT PER SE ILLEGAL

In evaluating the evidence in this case, you are further instructed that applicable law does not make unexplained differences in treatment per se illegal nor does it make inconsistent or irrational employment practices illegal. The law prohibits only intentional retaliation based upon an employee's engagement in protected activity. Human relationships are inherently complex and large employers must deal with a multitude of employment decisions, involving different employees, different supervisors, different time periods, and an array of facts that will inevitably differ even among seemingly similar situations. The law does not require, nor could it ever realistically require, employers to treat all of their employees all of the time in all matters with absolute, antiseptic, hindsight equality.

Source of Instruction: See *EEOC v. Flasher,* 986 F.2d 1312, 1319 (10th Cir. 1992); *Kendrick v. Penske Transp. Services, Inc.,* 220 F.3d 1220, 1232 (10th Cir. 2000); *Conrad v. Board of Johnson County Com'rs.,* 237 F.Supp.2d 1204, 1249 (D.Kan. 2002).

Explanation for Defendant's disagreement with Plaintiff's Proposed Jury Instruction: Defendant has not had the opportunity to review Plaintiff's proposed revision to this instruction.

Defendant's Proposed Jury Instruction No. 6

## INSTRUCTION NO. [ ]: RETALIATION – STATUTE INVOLVED

Plaintiff claims that Defendant retaliated against her in violation of a federal statute called Title VII. The purpose of Title VII is to protect the rights of individuals to be free from workplace discrimination and harassment based on opposition to protected activity. The anti-retaliation protection in Title VII provides that it is unlawful for an employer to retaliate against an individual because she in good faith opposed what she believed were discriminatory or retaliatory employment practices.

Source of Instruction: Adapted from Faculty of Federal Advocates, *Ad Hoc* Committee, *Model Employment Law Jury Instructions*, September 2013; 42 U.S.C. § 2000e-3(a) ("Title VII").

Explanation for Defendant's disagreement with Plaintiff's Proposed Jury Instruction: Defendant has not had the opportunity to review Plaintiff's proposed revision to this instruction.

Defendant's Proposed Jury Instruction No. 7

INSTRUCTION NO. [ ]:
CIVIL RIGHTS – TITLE VII – RETALIATION – ELEMENTS AND BURDEN OF PROOF

In this case, Plaintiff claims that Defendant retaliated against Plaintiff because she took steps to enforce her lawful rights under Title VII.

Laws that prohibit harassment in the workplace also prohibit an employer from taking any retaliatory action against an employee because the employee has asserted rights or complaints under those laws.

An employee may make a harassment complaint as a means to enforce what she believed in good faith to be her lawful rights. So, even if a complaint of harassment is later found to be invalid or without merit, the employee cannot be penalized in retaliation for having made such a complaint if you find that the employee made the complaint as a means of seeking to enforce what the employee believed in good faith to be her lawful rights. To establish "good faith," however, it is insufficient for Plaintiff merely to allege her belief in this regard was honest and bona fide; the allegations and the record must also establish that the belief, though perhaps mistaken, was objectively reasonable.

Plaintiff claims that Defendant terminated her because she reported retaliatory harassment in the workplace. Defendant denies Plaintiff's claim and asserts that it terminated Plaintiff for non-retaliatory reasons.

To make out her claim of retaliation, Plaintiff must prove, by a preponderance of the evidence, each of the following essential elements:

1. Plaintiff made a reasonable, good faith report of retaliatory harassment to Defendant;

      2.      Plaintiff was subjected to a material adverse action by Defendant;

      3.      Defendant took the adverse action because of Plaintiff's protected activity.

Defendant does not dispute that Plaintiff was subject to a materially adverse action when Defendant terminated her employment, but disputes Plaintiff's contentions on the remaining elements.

If you find that Plaintiff has proven each of these elements by a preponderance of the evidence, then you must find for Plaintiff and against Defendant on this claim. If, on the other hand, you find that Plaintiff has failed to prove any one or more of these elements by a preponderance of the evidence, then you must find against her on this claim and in favor of Defendant.

For the first element, Plaintiff claims that she engaged in protected activity when she reported another employee harassed her. That action is "protected activity" if it was based on Plaintiff's good faith, reasonable belief that the other employee harassed her because she complained of harassment by other employees.

For the third element, if you find that Plaintiff engaged in protected activity, you must decide whether Defendant took adverse action because of Plaintiff's protected activity. Put another way, you must decide whether Plaintiff's protected activity was the main reason for Defendant's decision.

Source of Instruction: Adapted from Faculty of Federal Advocates, *Ad Hoc* Committee, *Model Employment Law Jury Instructions*, September 2013; Eleventh Circuit Pattern Instruction 4.22.

Explanation for Defendant's disagreement with Plaintiff's Proposed Jury Instruction: Provides insufficient guidance to jury on elements of the claim.

Defendant's Proposed Jury Instruction No. 8

<u>INSTRUCTION NO. [ ]:</u>
<u>CIVIL RIGHTS – TITLE VII – RETALIATION – CAUSATION</u>

In order to prove Defendant would not have terminated Plaintiff but for her engagement in protected activity, Plaintiff must show that her protected activity was the sole motivating factor in the employment decision. An employer may be held liable for retaliation even if other factors contributed to Defendant's termination decision, so long as retaliation was the factor that made a difference. In other words, Defendant must have terminated Plaintiff because of an intent to retaliate against Plaintiff for making reports about retaliatory harassment in the workplace.

<u>Source of Instruction</u>: Adapted from Faculty of Federal Advocates, *Ad Hoc* Committee, *Model Employment Law Jury Instructions*, September 2013.

<u>Explanation for Defendant's disagreement with Plaintiff's Proposed Jury Instruction:</u> Provides insufficient guidance to jury.

Defendant's Proposed Jury Instruction No. 9

<u>INSTRUCTION NO. [ ]: LEGITIMATE, NON-RETALIATORY REASON</u>

You must also consider any legitimate, non-retaliatory reason or explanation stated by Defendant for its decision. Defendant alleges that it had a legitimate reason for terminating Plaintiff's employment. Specifically, Defendant alleges that it terminated Plaintiff's employment because she made false statements to Defendant. Defendant does not bear the burden of proof with respect to its reasons for terminating Plaintiff's employment. Thus, Plaintiff can prevail on her retaliatory discharge claim only if she proves that Defendant terminated her employment in retaliation for complaining about retaliatory harassment in the workplace. Plaintiff need not prove that unlawful retaliation was the sole reason for her discharge, but she must prove that she would not have been discharged but for Defendant's retaliatory conduct.

Plaintiff may prove that Defendant terminated her employment in retaliation for a complaint of retaliatory harassment by circumstantial evidence. For example, if you find that the stated reason given by Defendant is inconsistent, implausible, or otherwise unworthy of belief then you may conclude that the offered explanation is a mere pretext for retaliatory discharge. If you find pretext, you may also infer that Defendant terminated Plaintiff's employment for retaliatory reasons, though you are not required to draw such an inference. In other words, just because you disbelieve Defendant's stated reason, if that is your conclusion, it does not necessarily mean that you must therefore believe that Defendant terminated Plaintiff's employment in retaliation for her alleged complaint of retaliatory harassment.

If you determine that Defendant has stated such a legitimate non-retaliatory reason, then you must decide in favor of Defendant unless Plaintiff proves by a preponderance of the

evidence that the stated reason was not the true reason but was only a pretext or excuse for Defendant's retaliating against Plaintiff because of her complaint of retaliatory harassment.

Source of Instruction: *Scheffler v. United Parcel Service, Inc.*, No. 08-2648-JWL (April 23, 2010, D.Kan.) Jury Instruction No. 15 (modified in accordance with Defendant's contentions, pleadings); see *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 253, 101 S.Ct. 1089, 1093-94, 67 L.Ed.2d 207 (1981) (ultimate burden of persuasion always remains with plaintiff); *Wessel v. Enersys, Inc.*, 03-cv-04089-SAC (District Court Jury Instructions, in part); see *Comcast Corp. v. Nat'l Ass'n of African Am.-Owned Media*, 140 S. Ct. 1009, 206 L. Ed. 2d 356 (2020), (plaintiff bears the burden of showing that race was a but-for cause of its injury; and, while the materials the plaintiff can rely on to show causation may change as a lawsuit progresses from filing to judgment, the burden itself remains constant).

Explanation for Defendant's disagreement with Plaintiff's Proposed Jury Instruction: Defendant has not had the opportunity to review Plaintiff's proposed revision to this instruction.

Defendant's Proposed Jury Instruction No. 10

## INSTRUCTION NO. [ ]: PRETEXT

Plaintiff claims that the Defendant's stated reason for her termination is not the true reason, but instead it is a pretext (an excuse) to cover up for retaliation. When you consider Plaintiff's evidence of pretext, remember that the relevant question is whether Defendant's reason was not the real reason for Defendant's actions.

You are not to consider whether Defendant's reason showed poor or erroneous judgment. You are not to consider Defendant's wisdom. However, you may consider whether Defendant's reason is merely a cover-up for retaliation.

Plaintiff may show that Defendant's stated reasons for its decisions are pretextual (not the true reason) in any of several ways. Some examples of ways (although these are not the only ways) in which you may determine that Defendant's stated reasons are pretextual include:

1. Evidence that any one of the Defendant's stated reasons for the decisions are false, contradictory, or implausible; or

2. Evidence that the Defendant otherwise exhibited disturbing procedural irregularities in dealing with Plaintiff; or

3. Evidence that Defendant acted contrary to a written or unwritten company policy or an established company practice when terminating Plaintiff; or

4. The criteria used to evaluate the Plaintiff was entirely subjective.

If you find pretext, you may, but are not required to infer that retaliation was the factor that made a difference in the employer's treatment of Plaintiff.

Source of Instruction: Faculty of Federal Advocates, *Ad Hoc* Committee, *Model Employment Law Jury Instructions*, September 2013 (with the exception of the second through the fourth

sentences); O'Malley, Grenig & Lee, Fed. Jury Prac. & Instructions, § 170.22 (6th Ed. 2011) (with the replacement of "discrimination" with "retaliation").

<u>Explanation for Defendant's disagreement with Plaintiff's Proposed Jury Instruction:</u> Provides insufficient guidance to jury.

Defendant's Proposed Special Interrogatories

SPECIAL INTERROGATORIES TO THE JURY

Do you find from a preponderance of the evidence:

1. That April Pfannenstiel engaged in protected activity?

    Answer Yes or No _____

If your answer is "No," this ends your deliberations, and your foreperson should sign and date the last page of this verdict form. If your answer is "Yes," go to the next question.

2. That Mars Wrigley Confectionery took an adverse employment action against April Pfannenstiel because of her protected activity?

    Answer Yes or No _____

If your answer is "No," this ends your deliberations, and your foreperson should sign and date the last page of this verdict form. If your answer is "Yes," go to the next question.

3. That April Pfannenstiel suffered damages because of the adverse employment action?

    Answer Yes or No _____

4. That April Pfannenstiel should be awarded damages to compensate for a net loss of wages and benefits to the date of your verdict?

    Answer Yes or No _____

    If your answer is "Yes," in what amount? $_____

5. That April Pfannenstiel should be awarded damages to compensate for emotional pain and mental anguish?

    Answer Yes or No _____

    If your answer is "Yes," in what amount? $_____

If you did not award damages in response to either Question Nos. 4 or 5, this will end your deliberations, and your foreperson should go to the end of this verdict form to sign and date it. If you awarded damages in response to Question Nos. 4 or 5 (or both), go to the next question.

6. That punitive damages should be assessed against Mars Wrigley Confectionery?

       Answer Yes or No _____

       If your answer is "Yes," in what amount? $_____

SO SAY WE ALL:

_____
Foreperson

DATE: _____